GRIFFIN, APPELLEE, *v.* CITY OF CINCINNATI, APPELLANT.

(No. 7540—Decided April 28, 1952.)

*Mr. Leo J. Brumleve, Jr.,* for appellee.

*Mr. Henry M. Bruestle,* city solicitor, *Mr. Maurice W. Jacobs* and *Mr. J. B. Grause, Jr.,* for appellant.

*Per Curiam.* On March 3, 1949, at about 7 p. m., the plaintiff, a man 37 years of age and in good health, approached the intersection of Sycamore and Eighth streets in the city of Cincinnati, going eastwardly on

the north sidewalk of Eighth street. He was walking at a "normal pace," and, as he neared the intersection, he did not glance down at the sidewalk, but constantly looked straight ahead. He intended to turn northwardly on the sidewalk on Sycamore street. It was twilight and an electric light on a stanchion located on the sidewalk near the curb on Sycamore street on the projected line of the north edge of the Eighth street sidewalk was lighted. There was some illumination of the intersection by other street lights. The sidewalk was constructed of concrete blocks and on a line with the north building line of Eighth street and about the middle of the Sycamore street sidewalk an offset of about one and one-half inches existed and a small section of one of the blocks was missing, making a shallow depression of undetermined depth. The plaintiff did not see either the offset or the depression before he fell while in the act of turning to go north on Sycamore street. It was either the offset or the depression, or both, that caused him to fall. His foot caught on this defect in the sidewalk.

The court overruled the defendant's motion for an instructed verdict. The jury found for the plaintiff. The court overruled the defendant's motion for judgment notwithstanding the verdict, and entered judgment on the verdict. This appeal is from that judgment. Various errors are assigned.

(1) It is urged that the court should have found for the defendant as a matter of law. It is urged that in no true sense can it be said that the defendant failed to perform its statutory duty imposed by Section 3714, General Code, to keep its streets open, in repair, and free from nuisance. To the same conclusion, it is contended that no cause of action arises in favor of one who exposes himself to an open, visible danger, even

though he does not know of its existence, as he is required to take notice of such plainly apparent hazards.

In this case the plaintiff was not familiar with this sidewalk. It was at a time when both natural and artificial lights were most uncertain and deceptive. And, undoubtedly, the plaintiff's attention was more dispersed while turning than it would have been while walking in a straight line with his view unobstructed in any way by the abutting building.

At any rate, the plaintiff did not see the offset and the depression until after he had stepped upon one or the other. It seems to us that that fact places this case in the class with *Kimball* v. *City of Cincinnati, ante,* 487, recently decided by this court with, perhaps, greater reason for holding that the evidence presents a case for the determination by a jury of the issues of negligence and contributory negligence. As stated in *Kimball* v. *City of Cincinnati, supra,* we regard that as a borderline case. That is also our view of the case at bar. It would serve no purpose to restate our position in detail. We refer to the opinion in that case.

The case at bar differs from the case of *Friedman* v. *City of Cincinnati, ante,* 160, more recently decided by this court, in that the plaintiff testified that before and at the time he stepped upon the tilted slab which caused him to slip and fall, there was no hidden or unknown condition. Friedman was aware of all the hazards. That cannot be said of the case at bar.

We find no error in overruling the defendant's motions for judgment and submitting the issues of fact to the jury.

It is urged also that the court erred in the giving and refusal of certain special charges.

The court refused to give this special charge, requested by defendant:

"If you find from the evidence that the plaintiff was guilty of negligence in failing to look where he walked at the time and place as alleged in the petition filed herein, and if you find that such negligence was a proximate cause of and directly contributed in the slightest degree to the accident, you must bring a verdict for the defendant, the city of Cincinnati, even though you find that the defendant was guilty of a violation of its statutory duty."

It is urged in support of this refusal that the special charge assumed that the plaintiff failed to look where he was walking. Authorities are cited to sustain this position holding that a charge which assumes a controverted fact is an invasion of the province of the jury and is erroneous. There is no doubt about that rule. Its inapplicability here results from the fact that the fact assumed was not controverted. The plaintiff testified that he did not look. He, of course, was bound by his own testimony. The only issuable fact left, therefore, was whether such failure constituted negligence, and that issue was left to the jury. We hold that the special charge was a correct statement of the law applicable to the controverted facts and that the court erred in refusing to give it.

But it is urged that no prejudice resulted because of the giving of other special charges at defendant's request. We have examined the special charges relating to the duty of the plaintiff and find that none of them submitted to the jury the specific issue of whether the admitted failure to devote at least some of his sense of vision to the sidewalk upon which he was walking was a failure to exercise reasonable care—whether it was negligence.

We, therefore, conclude that the failure to give the special charge was prejudicial.

At the plaintiff's request, the court gave this special charge:

"The court charges you that, if you find that the sidewalk in question was not in a state of repair at the time plaintiff fell and that this condition existed for a time sufficient to have given the city of Cincinnati constructive notice of its condition, then it was the duty of the city to notify the abutting property owner to repair it and if said property owner failed to do so within a reasonable time it was the duty of the city to make the repairs and to recover the costs thereof from such property owner."

The defendant excepted to the giving of this charge, and now assigns this as error.

The duty of the abutting property owner was entirely irrelevant to the issues in this case between a pedestrian on the sidewalk and the municipality. Whether it was the duty of the municipality to notify the property owner was immaterial. This irrelevant and immaterial issue was coupled with a positive vice in the charge that gave the municipality more than a reasonable time to repair the sidewalk. It permitted the municipality to notify the property owner to repair and then wait a reasonable time for him to repair the defect before proceeding to perform its duty. This gave the municipality more than a reasonable time after notice of the existence of the defect. While part of the charge was favorable to defendant and part unfavorable, we are of the opinion it was prejudicial error to give this charge.

We find no other prejudicial error in the record.

For these reasons the judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.

Ross, J., dissenting. I cannot agree that the court committed error in refusing the special instruction, requested by the defendant, quoted in the opinion of the majority.

Here is a cleverly designed pitfall for the jury. It is true that the trained legal mind is able to dissect the language employed and arrive at the conclusion that the jury is not told that failure to look is negligence as a matter of law, but the average layman would so construe such instruction and the court properly refused it. It is more than apparent that the attention of the jury was intended to be directed to the words, ''guilty of negligence in failing to look where he walked.''

Technically, and from a pure academic standpoint, the words, ''if you find from the evidence,'' may be said to stabilize the charge as correct. In this particular case, where as stated in the opinion of the majority ''the plaintiff's attention was more dispersed while turning than it would have been while walking in a straight line with his view unobstructed in any way by the abutting building,'' the jury should be presented an instruction which in no way may be construed to state that failure to look directly at a defect in the sidewalk is negligence, and that is exactly what a jury of laymen would infer from the charge refused, although that is not what is actually stated.

I think that this special instruction should receive the definite disapproval of the court, and that in no case should it be given. It contains a correct statement of law which will always mislead the jury into a misapprehension of what is the applicable rule.

It falls within the category of those special instructions which furnish the basis upon which counsel rest their claim to astuteness in the law, and the layman's charge that the law is designed to confuse not to clarify.

Now as to the special instruction given by the court, quoted in the majority opinion, requested by the plaintiff, and objected to by the defendant: The ''vice'' in this instruction mentioned in the majority opinion is one of which the plaintiff might have complained, but certainly the city may not complain, because the period of justifiable inaction is erroneously extended in the instruction. The charge was erroneous, but not prejudicially so, toward the city, which complained because it was given.

The instruction did deal with matters extraneous to the issues involved. But was the jury misled to the prejudice of the defendant? In the argument of the case something was said about the jury being in doubt about respective liabilities of the abutting owner and the city. I fail to see any serious injury to the city's case, because the jury is told that the city is responsibile for its negligence, and plaintiff has a right of recoupment. I do not think the giving of the charge amounted to error warranting the setting aside of the verdict for the plaintiff.

I think the judgment should be affirmed.