WIEDERHOLD ET AL. *v.*
ROBINSON ET AL.

(No. 82-CV-0572—Decided April 11, 1983.)

Court of Common Pleas of Clermont County.

*Mr. Gary D. Ostendarp,* for plaintiff.
*Mr. John H. Engle,* for defendant Robinson.
*Mr. Stephen M. Yeager,* for defendant city of Milford.

RINGLAND, J. This matter came for hearing on the motions for summary judgment filed by defendants, city of Milford and Harriett Robinson, on April 7, 1983. Counsel for defendants submitted a deposition of the plaintiff as well as an affidavit of James Ryan, an insurance adjuster. Plaintiff did not submit supporting documents other than relying on her deposition.

The uncontroverted facts indicate that on the day stated in the complaint, plaintiff was walking back from a parade on the sidewalk along Pasadena Avenue, Milford, Ohio, in front of the property of defendant Robinson. Plaintiff was not sure whether she walked on the same sidewalk to the parade as in returning. The uncontroverted facts further indicate that it was daylight, that it had ceased raining, that plaintiff was carrying nothing but her purse and was following her husband. Plaintiff had not been familiar with the area and was talking to her husband, or daughter who was following her. There is some indication that there were other people traveling along that same sidewalk in front or behind her, but that she could not recall anything obstructing her view as she walked on the sidewalk. While she was looking straight ahead, her feet struck something at which time she pitched forward and landed on her forehead. She indicated at the spot where she stumbled there were cracks and that the cracks in the sidewalk were fairly obvious to her. She also indicated that there was an uneven surface (being that one surface was a little higher than the other). She testified in her deposition that she was not aware of what her feet actually struck but did specifically indicate that she did not catch her feet on any loose gravel on the sidewalk. Pictures were attached and identified in the deposition showing grass growing through the sidewalk area, but at no time was there any testimony from plaintiff or any of the affidavits attached that the grass in any way obstructed her vision. The uncontroverted affidavit of the insurance adjuster indicated that the gap between the blocks of the sidewalk was no more than three quarters of an inch and that the cracks in the pavement created no offset in excess of one quarter of an inch.

The court finds that the village has a duty to maintain and keep sidewalks safe under R.C. 723.01, as well as *Griffin* v.

*Cincinnati* (1954), 162 Ohio St. 232 [50 O.O. 95]. The court further finds that it can take judicial notice under Civ. R. 44.1 of the Milford ordinance which creates an affirmative duty on behalf of the adjoining landowner.

The law is quite settled that a municipality, as well as an adjoining landowner, is not an insurer of the safety of persons who use a sidewalk, but is only required to prevent a dangerous condition as set forth in *Kimball* v. *Cincinnati* (1953), 160 Ohio St. 370 [52 O.O. 237], and its progeny. However, the *Kimball* "two-inch doctrine" does not indicate that a measurement in and of itself will always determine whether there was negligence in the maintenance of a sidewalk. If the unevenness in a sidewalk is slight, as a matter of law it will be held that such unevenness is not evidence of negligence. However if the difference in the elevation of adjoining parts of the sidewalk is so great that no reasonable minds could say that it is not dangerous, and the municipality or landowner has actual or constructive notice of such defect, the case should be submitted to the jury. *Griffin* v. *Cincinnati, supra.* The *Kimball* two-inch doctrine has, of course, been modified to the extent that the surrounding circumstances should be considered. *Cash* v. *Cincinnati* (1981), 66 Ohio St. 2d 319 [20 O.O.3d 300], (heavy traffic, street light, busy intersection, crowded sidewalk). At the very most, plaintiff indicated that there was heavy foot traffic, but at no time did this distract her or obstruct her vision. In fact she indicated that she was looking straight ahead and that she walked over the cracks that were noticeable. Counsel for the plaintiff raised the issue in his memorandum as well as oral argument that the grass may have obliterated any unevenness in the sidewalk and therefore an issue of fact could remain for the jury, presumably as to contributory negligence. However none of the affidavits or deposition presented this fact. Thus, there is no genuine issue as to material fact, and

based upon the facts as they have been determined and the present status of the law, the court finds:

1. The defects were slight and as a matter of law the sidewalks were not negligently maintained.

2. That plaintiff was contributorily negligent.

Both defendants' motions are well-taken and the court hereby grants same.

*Judgment for defendants.*